UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA A. ARAGON,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant. | Case No. ED CV 14-2386-SP<br><br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On November 19, 2014, plaintiff Martha A. Aragon filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one issue for decision, whether substantial evidence supports the Administrative Law Judge's ("ALJ") finding at step five. Memorandum in Support of Complaint ("P. Mem.") at 2-9; Memorandum in Support of Defendant's Answer ("D. Mem.") at 1-8.

Having carefully studied the parties' moving and opposing papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, substantial evidence supports the ALJ's finding at step five. Consequently, this court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was forty-two years old on her alleged onset of disability date, completed high school and one year of college. AR at 107, 188-90, 214, 218. Plaintiff has past relevant work as a sales clerk and a credit card clerk. *Id.* at 85, 104, 218.

On November 11, 2010, plaintiff filed an application for a period of disability and DIB due to depression, anxiety, stress, leg pain, and half of her face feeling numb. *Id.* at 107-08, 188, 217. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 107-21.

On August 22, 2012, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 96-104. A medical expert and a vocational expert also testified. *Id.* at 92-96, 104-05. Plaintiff, represented by the same counsel, appeared at a supplemental hearing on January 30, 2013. *Id.* at 63-87. The ALJ heard testimony from a second medical expert (*id.* at 76-84), plaintiff's husband (*id.* at 64-76), and a second vocational expert ("VE"), Alan Boroskin. *Id.* at 84-86. On February 26, 2013, the ALJ denied plaintiff's claim for benefits. *Id.* at 22-33.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff did not engage in substantial gainful activity from July 11, 2006, the alleged onset of disability, through December 31, 2010, the date last insured. *Id.* at 24.

At step two, the ALJ found plaintiff suffered from the severe impairments of: obstructive sleep apnea; adjustment reaction with major depressive symptoms; anxiety disorder, NOS; psychological reaction to physical condition; and obesity. *Id*.

At step three, the ALJ found plaintiff's impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 24-25.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined she had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except: she could perform light work generally; she could not have exposure to concentrated fumes, odors, dusts, and gases; she was limited to object oriented work, and to simple repetitive tasks; and there could be no safety considerations, no intrusive supervision, and no general public contact.

The ALJ found, at step four, that plaintiff was incapable of performing her past relevant work. *Id.* at 31.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could have performed, including packager and inspector. *Id.* at 31-32. Consequently, the ALJ concluded that, for

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

the relevant period, plaintiff did not suffer from a disability as defined by the Social Security Act. *Id*. at 32.

Plaintiff filed a timely request for review of the decision, which the Appeals Council denied. *Id.* at 1-3, 14. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that

of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

Plaintiff argues that the ALJ erred at step five. P. Mem. at 2-9. Specifically, plaintiff contends that there was not substantial evidence to support the ALJ's finding because the vocational expert provided erroneous testimony concerning numbers of jobs in the economy. *Id.*

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. § 404.1512(f). The Commissioner may satisfy this burden through the testimony of a VE. *Lounsburry*, 468 F.3d at 1114.

In response to a hypothetical that includes the limitations the ALJ found credible, a VE may testify as to "(1) what jobs the claimant, given his or her [RFC], would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). "A VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Accordingly, VE testimony is substantial evidence. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("[T]he ALJ was within his rights to rely solely on the vocational expert's testimony.") (quoting *Conn v. Sec'y*, 51 F.3d 607, 610 (6th Cir. 1995)); *see also Bayliss*, 427 F.3d at 1218, n.4 (Federal Rules of Evidence do not apply in social security hearings). But where the VE testimony is fundamentally flawed, remand is appropriate. *See, e.g., Farias v. Colvin*, 519 Fed. Appx. 439, 440 (9th

Cir. 2013) (remand required where VE provided employment data for a different occupation than the one he opined claimant could perform).

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. § 404.1566(d)(1) (DOT is a source of reliable job information). The DOT is the rebuttable presumptive authority on job classifications. *Johnson*, 60 F.3d at 1435.

At the January 30, 2013 hearing, in response to the ALJ's hypothetical person with the same RFC as plaintiff, the VE testified that such person would be able to perform the jobs of packager (DOT 920.687-166) and inspector (DOT 727.687-066). AR at 86. The VE testified that there were approximately 24,300 jobs locally and 344,500 jobs nationally for packagers, and 7,100 jobs locally and 124,900 jobs nationally for inspectors. *Id.*

Plaintiff's counsel had an opportunity to cross examine the VE. *Id.* Plaintiff's counsel inquired if, in addition to the limitations set forth in the ALJ's hypothetic, the individual would miss three days of work each month due to anxiety reactions, could such an individual perform the work of a packager, inspector, or any other job that existed in significant numbers in the national economy. *Id.* The VE stated that such an individual could not perform any work. *Id.* Plaintiff's counsel did not question the VE on his qualifications; request an explanation of the VE's methodology for calculating the number of packager and inspector jobs estimated; or contest the estimated number of jobs the VE stated existed either regionally or nationally. *Id.*; *see* AR at 181-87 (VE's resume).

Plaintiff does not here contest the ALJ's RFC determination or her ability to perform the specified jobs, but only the reliability of the job numbers. Plaintiff contends that the VE's testimony cannot constitute substantial evidence because: (1) the VE did not describe the methodology used to calculate the job numbers and

the ALJ did not ask; and (2) Job Browser Pro (SkillTran 2011, "JBP") reveals substantially fewer jobs are available in both the local and national economy in the two job categories at issue.[2] P. Mem. at 4-9; *see* AR at 269-74; *Beltran v. Astrue*, 700 F.3d 386 (9th Cir. 2012) (failing to identify work with significant jobs available is reversible error).

Plaintiff's first argument that the ALJ cannot accept the VE's numbers by themselves is incorrect. As discussed above, VE testimony, by itself, constitutes substantial evidence when in response to a complete hypothetical. *See Bayliss*, 427 F.3d at 1218; *Zalesny v. Comm'r*, 2014 WL 4418215, at *3 (E.D. Cal. Sept. 5, 2014) ("[T]he ALJ may rely on vocational expert testimony, which constitutes 'reliable job information.'"); *Kennedy v. Colvin*, 2014 WL 4264940, at *4 (C.D. Cal. Aug. 27, 2014) (finding VE testimony about job numbers constituted substantial evidence). Moreover, the VE is not required to explain the methodology of how he reached these numbers. *See Zalesny*, 2014 WL 4418215, at *3; *Xiong v. Colvin*, 2014 WL 3735358, at *9 (E.D. Cal. Jul. 28, 2014).

Second, plaintiff argues the VE's job numbers were unreliable because his job numbers did not correspond to the JBP estimates, as interpreted by plaintiff and her counsel. P. Mem. at 5-6. In support, plaintiff relies on evidence she presented to the Appeals Council that purports to undermine the reliability of the VE's testimony. *See* AR at 269-74; *Brewes v. Comm'r*, 682 F.3d 1157, 1162-63 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding

---

[2] JBP is a private software program that cross references the DOT and Occupational Outlook Handbook with the other major coding systems, including OES. *See* http://www.skilltran.com/jb_overview.htm; *Valenzuela v. Colvin*, 2013 WL 2285232, at *3 (C.D. Cal. May 23, 2013) ("'Job Browser Pro' [is] a software program that compiles and analyzes job statistics."). This software is not referenced "in the list of published sources recognized as authoritative by Social Security regulations." *Gardner v. Colvin*, 2013 WL 781984, at *3 (C.D. Cal. Mar. 1, 2013); *see* 20 C.F.R. § 404.1566(d).

7

whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."). Specifically, plaintiff asserts that JBP reports only 4 regional and 26 national packager jobs, and 21 regional and 199 national inspector jobs.[3] *See* AR at 269-74. In contrast, the VE testified that there were 24,300 jobs locally and 344,500 jobs nationally for packagers, and 7,100 jobs locally and 124,900 jobs nationally for inspectors. *Id.* at 86. Plaintiff maintains the VE improperly "conjured out of whole cloth" the estimates provided to the ALJ. *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir.); *see* P. Mem. at 8.

Although the VE refers to the two job categories in broad terms – "packager" and "inspector" – the actual DOT categories cited by the VE refer to "Shoe Packer" under the Packaging and Materials Handling Occupations, and "Inspector, Container Finishing" under the Occupations in Assembly and Repair of Electrical Equipment. *See* P. Mem. at 4-5; DICOT 920.687-166 (G.P.O.), 1991 WL 688001; DICOT 727.687-066 (G.P.O.), 1991 WL 679675. While the existence of 344,500 national shoe packer jobs and 124,900 national container finishing inspector jobs may boggle the mind, as discussed above, plaintiff failed to raise any objections at the hearing or ask the VE any pertinent questions about his methodology. *See Gardner v. Colvin*, 2013 WL 781984, at *3 (C.D. Cal. Mar. 1, 2013) ("Plaintiff suggests that the VE's methodology for determining the numbers of jobs in the economy was faulty; however, she does not identify what methodology was used nor how it was problematic."); *Merryflorian v. Astrue*, 2013 WL 4783069, at *7 (S.D. Cal. Sept. 6, 2013) ("[D]espite having the

---

[3] The relevant local region is a claimant's home state. *Gutierrez v. Comm'r*, 740 F.3d 519, 526-28 (9th Cir. 2014) (permitting the VE to define the region as the state of California). Thus, although plaintiff provides JBP numbers for some cities, the court references only the jobs available in the whole of California.

opportunity to do so at the hearing before the ALJ, Plaintiff's counsel failed to question the vocational expert regarding the methodology used to determine the number of jobs available.").

Plaintiff had ample opportunity to cross-examine the VE on the numbers but chose not to. *See* AR at 86. As such, here plaintiff simply presents a lay interpretation of the JBP numbers, which by itself is insufficient to undermine a VE's analysis. Such lay analysis "has been recently and uniformly rejected by numerous courts" in this district. *Merryflorian*, 2013 WL 4783069, at *5 (reviewing several holdings); *accord Cardone v. Colvin*, 2014 WL 1516537, at *5 (C.D. Cal. Apr. 18, 2014) ("[P]laintiff's lay assessment of the raw vocational data derived from [JBP] does not undermine the reliability of the VE's opinion."); *Vera v. Colvin*, 2013 WL 6144771, at *22 (C.D. Cal. Nov. 21, 2013) ("[L]ay assessment of the data derived from . . . [JBP] does not undermine the reliability of the VE's testimony" where the plaintiff "failed to introduced any VE opinion interpreting the data from those sources and the significance of the information reflected on the various reports is not entirely clear."), *remanded on other grounds*, 2016 WL 696543 (9th Cir. Feb. 22, 2016); *Valenzuela v. Colvin*, 2013 WL 2285232, at *4 (C.D. Cal. May 23, 2013) (rejecting plaintiff's assessment, in part, because it "was unaccompanied by any analysis or explanation from a vocational expert or other expert source to put the raw data into context"). Indeed, as defendant argues, plaintiff's interpretation of the JBP numbers as indicating, for example, that only 26 shoe packer positions exist in the entire national economy is implausible, and suggests, at a minimum, that expert interpretation is needed.

Plaintiff could have retained an expert to interpret the JBP data but did not. "At best, Plaintiff has presented evidence sufficient to support an alternative finding regarding the number of relevant jobs available in the economy. That is not enough to warrant remand." *Gardner*, 2013 WL 781984, at *3 (footnote

omitted); *see Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

In short, plaintiff failed to present evidence sufficient to show the VE's job numbers were unreliable. Accordingly, the ALJ's step five determination was supported by substantial evidence.

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: March 30, 2016

SHERI PYM
United States Magistrate Judge